UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
|     Plaintiff,  ) | |
| ) | |
| vs.  ) | Case No. 94-cr-40003-JPG |
| ) | |
| PARIS F. THOMAS,  ) | |
| ) | |
|     Defendant.  ) | |

**MEMORANDUM AND ORDER**

    This matter comes before the Court on Defendant Paris Thomas' *pro se* Motion for Retroactive Application of the Sentencing Guidelines to His Crack Cocaine Offense (Doc. 624) pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10. The Court appointed counsel for Thomas, and counsel now moves to withdraw on the basis that she can make no non-frivolous arguments in support of Thomas' request. Doc. 626; *see Anders v. California*, 386 U.S. 738, 744 (1967). Despite the allowance of a response period by the Court, Doc. 627, neither Thomas nor the Government responded to defense counsel's motion.

    On November 21, 1994, a jury found Thomas, *inter alia*, guilty of one count of conspiracy to distribute and possess with intent to distribute cocaine base (Count I) and one count of distribution of cocaine base (Count VI). At sentencing, the Court found by a preponderance of the evidence that Thomas' relevant conduct amount involved at least 1.5 kilograms of cocaine base, however, the actual amount attributed to Thomas exceeded 6 kilograms of crack cocaine. Per the U.S.S.G., the Court imposed a low-end sentence of 360 months imprisonment on Counts I and VI. After numerous subsequent proceedings with this Court and the Seventh Circuit Court of Appeals, Thomas was re-sentenced on Counts I and VI on April 11, 2003. Relying on the same relevant conduct amounts as when it originally sentenced Thomas, the Court handed down a new sentence of 240 months on Counts

I and VI to run concurrently.  Thomas now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2) (2006).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2008), *cert. denied sub nom McKnight v. United States*, 129 S. Ct. 1924 (2009).

Thomas cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  § 3582(c)(2).  Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine.  Amendment 715, effective May 1, 2008, further amended the commentary to U.S.S.G. § 2D1.1 by revising the manner in which offense levels are determined in cases involving crack cocaine in combination with other controlled substances.  The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine.  The amendments did not, however, reduce the sentencing range

of defendants whose relevant conduct was 4.5 kilograms or more of crack cocaine. *See Forman*, 553 F.3d at 590 (stating that the amendment "affects only defendants who are responsible for distributing fewer than 4.5 kilograms of crack cocaine"). Thomas was sentenced based on relevant conduct that exceeded 6 kilograms of crack cocaine. Thus, the amendment did not lower his guideline range, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.[1]

Because Thomas cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38. The Court therefore **GRANTS** defense counsel's Motion to Withdraw and "No Merits" Statement (Doc. 626) and **DISMISSES** Thomas' *pro se* Motion for Retroactive Application of the Sentencing Guidelines to His Crack Cocaine Offense (Doc. 624) for **lack of jurisdiction**. The Clerk of the U.S. District Court is hereby **DIRECTED** to mail a copy of this order to Defendant Paris Thomas, Reg. No. 03001-025, FCI Herlong, Federal Correctional Institution, P.O. Box 800, Herlong, California 96113.

**IT IS SO ORDERED.**
**DATED: November 30, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

[1] Even if Thomas could jump the hurdle created by his relevant conduct amount, he is not currently serving a sentence based on a guideline that has been lowered; rather, due to his re-sentencing, Thomas is now serving, *inter alia*, a statutory maximum sentence of 240 months imprisonment on Count I pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000).